This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41620**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**WAYNE PROVOLT a/k/a**
**WAYNE PROVOLT, JR. a/k/a**
**WAYNE LEE PROVOLT a/k/a**
**WAYNE L. PROVOLT, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Deputy Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}** Defendant appeals the district court's order denying his motion to suppress. In our notice of proposed summary disposition, we proposed to reverse. The State has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by the State's arguments, we reverse.

**{2}** In our notice of proposed summary disposition, we proposed to hold that the district court erred in concluding that the unconstitutional seizure of Defendant was sufficiently attenuated from the discovery of a controlled substance on Defendant's person following his arrest on an outstanding warrant. In its memorandum in opposition, the State argues that our notice of proposed disposition improperly failed to defer to the district court's factual findings, as well as misapplied this Court's analysis in *State v. Ramey*, 2020-NMCA-041, ¶¶ 23-27, 473 P.3d 13. [MIO 3-4]

**{3}** We begin with the State's concern with our application of the standard of review. [MIO 3] As our calendar notice explains, "[a]ppellate review of a motion to suppress presents a mixed question of law and fact." *State v. Yazzie*, 2019-NMSC-008, ¶ 13, 437 P. 3d 182 (internal quotation marks and citation omitted). [CN 2] We review the district court's factual determinations for substantial evidence. *Id.* "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). As the memorandum in opposition correctly notes, we give "deference to the district court's review of the testimony and other evidence presented," and review contested facts "in a manner most favorable to the prevailing party." *Id.* (internal quotation marks and citations omitted). [MIO 3] We then review the district court's application of the law to those facts de novo. *Id.*

**{4}** The State contends that our notice of proposed disposition does not sufficiently defer to the district court's statement that "the officer's conduct . . . 'cannot be considered to be purposeful or flagrant, and insufficient evidence was presented to show his misconduct to be investigatory in design or purpose.'" [MIO 3] We disagree with the State's characterization of these legal conclusions by the district court as factual findings. Rather, it appears that the factual findings underlying the district court's conclusions were largely agreed to by both parties—that "[t]he officer appropriately approached Defendant for a welfare check, but improperly detained Defendant without reasonable suspicion while he ran a warrant check." [MIO 2] We additionally note that the State has not asserted that there is any error in our recitation of the facts in the notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{5}** Turning to the application of the law to the facts of this case, the State contends that we have improperly relied on this Court's analysis in *State v. Ramey*, 2020-NMCA-041, ¶¶ 23-27, to propose that the officer's misconduct in illegally extending his seizure of Defendant in order to conduct a warrant search was "investigatory in design and purpose." *Id.* ¶ 27. [MIO 4-5] The memorandum in opposition notes two grounds on which we should not rely on *Ramey*: first, that *Ramey* did not "hold that an officer engages in flagrant misconduct any time he or she runs a warrant check without reasonable suspicion"; and second, "unlike the officer in *Ramey*, the officer here had a reason to approach Defendant: he was conducting a welfare check." [MIO 4-5] We disagree.

**{6}** Dispositive to this Court's conclusion in *Ramey* that the officer's misconduct was "investigatory in design and purpose" was that "his conduct demonstrated that his true purpose in gathering [the d]efendant's information was to run a warrant check." *Id.* In other words, "when law enforcement officers approach random citizens, request identification, and run warrant checks for no apparent reason, the officers clearly are performing investigatory detentions designed and executed in the hope that something might turn up." *Id.* ¶ 26 (internal quotation marks and citation omitted). Thus, when police stop an individual "on the basis of nothing other than the vague notion that they would obtain [the d]efendant's personal information from him, and without any further suspicion, [run] a warrant check[,] . . . [t]he purpose of the stop—to obtain information from [the d]efendant—[is] directly related to [the d]efendant's ultimate arrest." *State v. Soto*, 2008-NMCA-032, ¶ 27, 143 N.M. 631, 179 P.3d 1239.

**{7}** As in *Ramey*, the record indicates that the sole reason the officer illegally extended the detention of Defendant in requiring him to provide his identifiers and remain on the scene was for the officer to investigate whether there was an active warrant for Defendant. Although *Ramey* involved an illegal initial seizure, rather than an illegal continuation of an initially legal stop as in this case, we are not persuaded that this minor difference is significant. Where dispositive, the cases are similar—an illegal police seizure entirely premised upon an investigation into the warrant status of an individual. Due to this applicability of relevant New Mexico authority, we decline the State's invitation to examine federal case law. [MIO 5-7]

**{8}** Therefore, for the reasons stated here and in our notice of proposed summary disposition, we reverse the district court's order denying Defendant's motion to suppress and remand to the district court to permit Defendant to withdraw his conditional plea. *See State v. Jean-Paul*, 2013-NMCA-032, ¶ 34, 295 P.3d 1072 (permitting a defendant to withdraw their conditional plea after prevailing on an appeal of a district court's denial of their motion to suppress).

**{9}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**GERALD E. BACA, Judge**